UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____

In re:

    Tanis Holdings, LLC

                Debtor.

Chapter 11
Case No. 25-22406-kyp

_____

**OBJECTION OF U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2024-6, TO NON-PARTY JACOB TANIS'S EMERGENCY MOTION FOR RELIEF FROM DISMISSAL AND REINSTATEMENT OF CHAPTER 11 CASE [DOC. 19]**

Secured creditor and party in interest U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2024-6 ("U.S. Bank, Trustee") hereby respectfully objects to the Emergency Motion for Relief from Dismissal and Reinstatement of Chapter 11 Case filed by non-party Jacob Tanis (the "Tanis Motion"). [Doc. 19.] In support hereof, U.S. Bank, Trustee states as follows:

    1.    The Debtor commenced this Chapter 11 case without counsel on May 12, 2025. [Doc. 1.]

    2.    The Debtor did not file its Statement of Financial Affairs, Corporate Ownership Statement, and Local Rule 1007-2 Affidavit by the May 27, 2025 deadline.

    3.    On June 6, 2025, the United States Trustee filed a Notice of United States Trustee's Motion to Dismiss This Chapter 11 Case Under 11 U.S.C. § 1112(b) with a supporting Memorandum of Law. [Docs. 10 and 11.] The grounds for the

Motion to Dismiss were that the Debtor had failed to file its Statement of Financial Affairs, Corporate Ownership Statement, and Local Rule 1007-2 Affidavit by the applicable deadlines and because the Debtor filed this case without counsel.

4. A hearing was scheduled for July 10, 2025.

5. Despite the passage of nearly five weeks before the July 10, 2025 hearing, the Debtor failed to object to the U.S. Trustee's motion, move for a continuance, make the mandatory filings, or retain counsel.

6. On July 10, 2025, the Court dismissed the case.

7. On July 16, 2025, the Court entered an Order Pursuant to 11 U.S.C. § 1112(b) Dismissing Chapter 11 Case in which the Court ordered that the United States Trustee's Motion to Dismiss was granted, and the case was dismissed. The Court also ordered the Debtor to file (i) a schedule of unpaid debts incurred after the commencement of the chapter 11 case within fifteen (15) days and (ii) a final report within thirty (30) days. [Doc. 16.]

8. The Debtor has not filed the schedule of unpaid debts incurred after the commencement of the case within fifteen (15) days as ordered.

9. Instead, on July 25, 2025, Jacob Tanis **personally** filed the Tanis Motion. [Doc. 19.]

10. The Tanis Motion begins as follows: "I, Jacob Tanis, am representing myself in this matter. I respectfully ask this Court to reverse the dismissal order from July 16, 2025, and reinstate my Chapter 11 bankruptcy case that I filed on May 12, 2025." *Id.*

5413935

11. At the bottom of the first page of the Motion, Mr. Tanis asks the Court to "[r]einstate *my* Chapter 11 case," "[g]ive *me* new deadlines to file *my* disclosure statement and reorganization plan, and [r]estore the automatic stay to protect *my* property from foreclosure." *Id.* (emphasis added.)

12. Mr. Tanis does not have standing to seek the requested relief. He is not the Debtor or even a party to this case. He does not have an appearance in the case.

13. Even if Mr. Tanis did have standing, he has not provided sufficient reason to reinstate the case:

a. The Debtor still does not have appearing counsel as required;

b. The Debtor still has not filed a Statement of Financial Affairs, Corporate Ownership Statement, and Local Rule 1007-2 Affidavit;

c. Mr. Tanis has failed to provide any reasonable basis for the Debtor's failing to meet this Court's deadlines. He has failed to explain why the Debtor did not seek a continuance if the Debtor needed more time to make the mandatory filings or retain counsel; and

d. The Debtor has not filed the schedule of unpaid debts incurred after the commencement of the case as ordered by the Court on July 16, 2025, despite the passage of the deadline imposed by the Court.

WHEREFORE, for the foregoing reasons, U.S. Bank, Trustee asks the Court to deny Mr. Tanis's Motion.

Dated August 7, 2025            **U.S. BANK TRUST COMPANY, NATIONAL ASSOCIATION, AS TRUSTEE FOR VELOCITY COMMERCIAL CAPITAL LOAN TRUST 2024-6**

*/s/ Kevin J. McEleney*
Kevin J. McEleney
Bar No. 705769
UPDIKE, KELLY & SPELLACY, PC
225 Asylum Street
20th Floor
Hartford, CT 06103
Tel. 860-548-2679
Fax. 860-548-2680
Email: kmceleney@uks.com
*Its Attorney*

5413935

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 7th day of August, 2025, I caused a true and correct copy of the foregoing Objection to be served upon all parties who have requested Notice in this case via the Court's CM/ECF System and upon the Debtor by first-class U.S. Mail as follows:

**Tanis Holdings, LLC**
20 Knollwood Avenue
Elmsford, NY 10523

           */s/ Kevin J. McEleney*
Kevin J. McEleney
Updike, Kelly & Spellacy, P.C.